THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MILES,                                    :
                                                 :
                    Plaintiff                    :
      v.                                         :  3:20-CV-1434
                                                 :  (JUDGE MARIANI)
JEFFREY A. SMITH, et al.,                         :
                                                 :
                    Defendants                   :

## MEMORANDUM OPINION

On August 13, 2020, Plaintiff Donald Miles, proceeding *pro se*, filed a Complaint

against Lackawanna County Court of Common Pleas Judge Jeffrey A. Smith, Lackawanna

Deputy District Attorney Brian Gallagher, and John and Jane Doe.  (Doc. 1).  Plaintiff's

Complaint alleges one count of "First and Fourteenth amendment compelled expression"

(*id*. at 7-9).  Plaintiff attached the following documents to his Complaint: (1) Affidavit of

Probable Cause, signed by Detective Harold Zech or Detective John Munley (Ex. A); (2)

Amended Information in *Commonwealth of Pennsylvania v. William A. Jordan*, filed in the

Court of Common Pleas of Lackawanna County, Criminal Action No. 18 CR 77, on April 16,

2018 (Ex. N4); (3) Amended Information in *Commonwealth of Pennsylvania v. William A.

Jordan*, filed in the Court of Common Pleas of Lackawanna County, Criminal Action No. 18

CR 77, on May 1, 2018 (Ex. N5); (4) Information in *Commonwealth of Pennsylvania v.

Donald Miles*, filed in the Court of Common Pleas of Lackawanna County, Criminal Action

No. 18 CR 78, on February 13, 2018 (Ex. N1); (5) Amended Information in *Commonwealth*

*of Pennsylvania v. Donald Miles*, filed in the Court of Common Pleas of Lackawanna

County, Criminal Action No. 18 CR 78, on April 30, 2018 (Ex. N2); (6) Information in

*Commonwealth of Pennsylvania v. William A. Jordan*, filed in the Court of Common Pleas of

Lackawanna County, Criminal Action No. 18 CR 77, on February 13, 2018 (Ex. N3); (7)

Affidavit of Probable Cause, signed by signed by Detective Harold Zech or Detective John

Munley as well as a Magisterial District Judge on December 13, 2017 (Ex. A); and (8) a

Criminal Complaint, dated December 13, 2017, charging William Jordan with 5 controlled

substance offenses (Ex. A1).

On December 11, 2020, Magistrate Judge Saporito issued a Report and

Recommendation ("R&R") (Doc. 15) recommending that Plaintiff's Complaint be dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1) and setting forth a

number of bases for this recommendation.  Plaintiff thereafter filed Objections thereto. (Doc.

16; Doc. 16-1).[1]

Upon *de novo* review of Magistrate Judge Saporito's R&R (Doc. 15), Plaintiff's

Objections thereto (Doc. 16, 16-1), and all relevant filings, the Court will overrule the

Objections and adopt the pending R&R.

A District Court may "designate a magistrate judge to conduct hearings, including

evidentiary hearings, and to submit to a judge of the court proposed findings of fact and

---

[1] The record reflects that Plaintiff filed two set of Objections, each docketed within Document 16 (*see* Doc. 16, at 1-7; Doc. 16-1, at 1-3), both of which this Court has reviewed.

recommendations for the disposition" of certain matters pending before the Court.  28 U.S.C. § 636(b)(1)(B).  If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, in response to the pending R&R, Plaintiff first asserts that he is not bringing a First Amendment claim for *retaliation*, but rather for "violation of the freedom of speech clause by the 1st amend. U.S. Const." (Doc. 16, at 1-3; *see also*, Doc. 16-1, at 1).  A review of his Complaint belies this assertion.  Plaintiff's Complaint titles his claim as one for "First and Fourteenth Amendment compelled expression".  (Doc. 1, at 7).  However, in support of this claim, the Complaint alleges that although he has refused "to be titled by Judge Smith and attorney Gallagher as their material witness and confidential informant" and has "refused to recite and state the criminal accusations made up by Judge Smith and attorney Gallagher", "they are *still* prosecuting" him and another individual.  (Doc. 1 at 4) (emphasis added).  Plaintiff further asserts that the defendants are "unlawfully holding" him "for refusing to carry their title and refusing to labor for Judge Smith and attorney Gallagher as their material witness and confidential informant." (*Id.*)(*see also*, *id.* (asserting that Defendants are prosecuting him and seeking to "try, convict, and sentence" him "[f]or

refusing to carry their title of material witness and confidential informant."); *id.* at 8-9 (repeating same allegations)).

Next, as noted *supra*, the documents attached to Plaintiff's Complaint (*see* Doc. 1-1) and referenced throughout the Complaint and Objections as containing the statements which Plaintiff asserts the defendants are attempting to make him speak to, consist of criminal Informations against Donald Miles and William Jordan, an affidavit of probable cause, and a criminal complaint against William Jordan. Thus, despite Plaintiff's repeated references to the First Amendment, to the extent that Plaintiff is asserting that he is being asked/compelled to testify with respect to the allegations contained in those documents, this implicates a Fifth Amendment right. Although Plaintiff's Complaint and Objections are often difficult to fully understand, the factual assertions set forth in the Complaint and both set of Objections could be construed as asserting that Plaintiff Miles is being, or expects to be, compelled to testify against himself. That is a matter that must properly be raised in state court in the proceeding in which Miles is being criminally prosecuted since, under the Fifth Amendment, "no person . . . shall be compelled in any criminal case to be a witness against himself."[2]

Upon review of the Complaint, the Court also finds that this action is subject to abstention in accordance with *Younger v. Harris*, 401 U.S. 37 (1971). The Third Circuit "has

---

[2] By making this statement, this Court does not intrude into the state court criminal proceedings of Miles, and the Court's reference to Miles and the Fifth Amendment (and Fourteenth Amendment) is solely to inform Miles of his right against self-incrimination.

set out a three-prong test to determine whether courts should abstain from addressing the merits of a federal action in the face of ongoing state criminal litigation. Abstention under *Younger* is appropriate only where: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lui v. Comm'n, Adult Ent., De*, 369 F.3d 319, 326 (3d Cir. 2004). Here, Plaintiff's Complaint (and Objections to the R&R) are directed at the actions of state actors in a pending criminal proceeding. This proceeding implicates important state interests – namely the state's interest in enforcing its laws and in prosecuting individuals who engage in offenses involving illegal controlled substances. *Cf., e.g., Howard v. Sec'y Pa. Dep't of Transp.*, 661 F.App'x 216, 220 (3d Cir. 2016)(finding *Younger* abstention appropriate where "Pennsylvania has an important interest in prosecuting individuals who drive under the influence of alcohol or drugs. . ."). Further, the ongoing state court criminal action provides Plaintiff an adequate opportunity to raise his Constitutional claims. Thus, under *Younger*, the pendency of these criminal proceedings require this Court's abstention.

Finally, even if this Court were not to find *Younger* abstention to be appropriate here, the Court agrees with the Magistrate Judge's analysis and conclusion that both defendants are entitled to immunity. As explained by the Magistrate Judge, all of Plaintiff's allegations against Defendant Smith "exclusively concern judicial acts taken by Judge Smith in his role as presiding judge". (Doc. 15, at 12). In addition, Plaintiff has not set forth any well-pled

factual allegations against Defendant Gallagher which would deprive defendant of the

protections of absolute prosecutorial immunity afforded to the prosecutor in the state court

criminal action. (Doc. 15, at 14).

For the above-discussed reasons, the Court will adopt the pending R&R and dismiss

Plaintiff Miles' case.[3]

Robert D. Mariani
United States District Judge

_____

[3] The Court will adopt the entire R&R for the reasons set forth therein, as well as the reasons set forth in this memorandum opinion, with the exception of the Magistrate Judge's reliance on *Heck v. Humphrey* and the "favorable termination rule" in support of his recommendation of dismissal (*see* Doc. 15, at 9-11). Here, the state criminal proceeding against Miles, which is also the subject of this federal civil action, has not yet been completed and Miles has not been convicted of any crimes in that criminal case. Thus, *Heck* is inapplicable to the present action. *See e.g. Dique v. N.J. State Police*, 603 F.3d 181, 187 (3d Cir. 2010) (explaining that the Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007) "clarified that the *Heck* bar is applicable only when, at the time the § 1983 suit would normally accrue, there is an *existing* criminal conviction.")(emphasis in original).