THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD MILES,

        **Plaintiff**

v.

JEFFREY A. SMITH, et al.,

        **Defendants**

:  3:20-CV-1434
:  (JUDGE MARIANI)

## MEMORANDUM OPINION

On August 13, 2020, Donald Miles, proceeding *pro se*, filed a Complaint against Lackawanna County Court of Common Pleas Judge Jeffrey A. Smith, Lackawanna Deputy District Attorney Brian Gallagher, and John and Jane Doe. (Doc. 1). In December of 2020, Magistrate Judge Saporito issued a Report and Recommendation ("R&R") (Doc. 15) recommending that Miles' Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1). This Court issued a Memorandum Opinion and Order on January 15, 2021, adopting Magistrate Judge Saporito's R&R and dismissing the Complaint. (*See* Docs. 17, 18). Miles thereafter filed a notice of appeal to the Third Circuit Court of Appeals dated February 17, 2021 (Doc. 19), one day beyond the 30-day time limit within which to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A).

On May 6, 2021, the Third Circuit remanded this action "for the limited purpose of [the district] court's consideration of whether [Miles] is entitled to relief under Federal Rule of

Appellate Procedure 4(a)(5) or 4(a)(6)." (Doc. 26). The Court thus addresses herein the issue set forth by the Third Circuit on remand.[1]

---

[1] As a preliminary matter, Rule 4(a)(5) and 4(a)(6) both require a plaintiff/petitioner to file a motion in order to obtain relief under either subsection, and a *pro se* notice of appeal may not be construed as a motion for an extension of time under Rule 4(a)(5) or as a motion to reopen under Rule 4(a)(6). *See Poole v. Fam. Ct. of New Castle Cnty.*, 368 F.3d 263, 267-269 (3d Cir. 2004).

Upon review of the docket, strictly construed, Petitioner Miles has never filed a motion for an extension of time to file an appeal or to reopen the time to file an appeal. This Court acknowledges that Petitioner's notice of appeal (Doc. 19) does set forth a number of issues for appeal, including the following:

> Whether Plaintiff's appeal is timely filed where the postage is dated 1/19/2021 but the plaintiff did not receive this mail until February 17, 2021 because of unknown reasons and where the only proof is the cameras on the block of DC dorm that will show when this mail/order was received and will show Plaintiff on the block writing out this appeal to be sent out by the prisoner mailbox rule?

(Doc. 19, at 3). This statement, contained within the notice of appeal itself, is arguably insufficient to be read as a request to this Court that it grant Petitioner relief under Rule 4(a)(5) and/or (6). Further, Petitioner's filing entitled "Motion for Leave of Court" (Doc. 22; 3d Cir. C.A. No. 21-1356, Doc. 5) merely reiterates the issues set forth in his appeal, and, although it again states that he did not receive this Court's dismissal order until February 15, 2021, it does not seek relief under Rule 4(a). Instead, the purpose of the "Motion for Leave of Court", addressed to the Third Circuit, is unclear, referencing its basis as emanating from the Third Circuit's February 26, 2021 letter which "enclosed . . . case opening information regarding the . . . appeal filed by Donald Miles, docketed at No. 21-1356." (*See* Doc. 22, at 7-8; 3d Cir. C.A. No. 21-1356, Doc. 1-6). Petitioner's "Motion" requests that the Third Circuit grant the "relief requested in this motion for leave", such relief being enumerated as: (1) reversal of this Court's Order; (2) that Defendant Smith be compelled to answer; (3) trial "on the claim in a speedy manner"; (3) an injunction; (4) declaratory relief; and (5) "any and all relief that the court deem[s] is due to the Plaintiff by law." (Doc. 22, at 11-12).

It is well-settled that "no particular form of words is necessary to render a filing a 'motion'". *Poole*, 368 F.3d at 268. *See also, Campos v. LeFevre*, 825 F.2d 671, 676 (2d Cir. 1987) ("Any submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice."). Here, despite the lack of a formal motion requesting relief pursuant to Rule 4, the Third Circuit found that the afore-mentioned documents (Docs. 19, 22; 3d Cir. C.A. No. 21-1356, Doc. 5) "potentially allege 'excusable neglect or good cause' to extend the time to appeal under" Rule 4(a)(5) and that Miles may not have "receive[d] notice of the order within 21 days after entry, such that the time to file an appeal may be reopened under" Rule 4(a)(6). (Doc. 26). The Circuit thus remanded this matter for this Court's "consideration of whether Appellant is entitled to relief under" Rule 4(a)(5) or 4(a)(6), while expressing "no opinion as to whether Appellant has met the Rule 4(a)(5) or Rule 4(a)(6) criteria." (*Id.*). In light of the Third Circuit's direction that this Court should, in essence, address the merits of an application of the criteria set forth in Rule 4(a)(5) and Rule 4(a)(6) on remand, this Court will assume for purposes of its decision herein that, liberally construing Petitioner's filings, that Petitioner has met the initial requirement of filing a motion for relief under Rule 4(a)(5) and/or Rule 4(a)(6).

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, the time for filing a notice of appeal with the district court is within 30 days of the entry of judgment. Nonetheless, a district court possesses "limited authority to grant an extension of the 30-day time period." *Bowles v. Russell*, 551 U.S. 205, 208 (2007). Rule 4(a)(5) addresses the ability of the district court to extend the time to file a notice of appeal and provides, in relevant part, that the district court may extend this time "if a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and the party seeking the extension "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii). Additionally, under Federal Rule of Appellate Procedure 4(a)(6), a "district court may reopen the time to file an appeal" so long as (1) the party seeking to reopen the time to appeal did not receive notice "of the entry of the judgment or order sought to be appealed within 21 days after entry"; (2) "the motion is filed within 180 days after the judgment or order is entered" or within 14 days after the movant receives notice, whichever is earlier; and (3) "the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

In determining whether to extend the time to file a notice of appeal pursuant to Rule 4(a)(5), the party seeking the extension must show "excusable neglect or good cause."[2] The good cause and excusable neglect standards "are not interchangeable, and one is not

---

[2] Regardless of whether this Court deems Petitioner's notice of appeal (which first references the issue of the untimeliness of his appeal) or the "Motion for Leave of Court" as the appropriate motion under Rule 4(a)(5), both filings are timely such that Petitioner has satisfied the first requirement of Rule 4(a)(5), i.e. the filing of a motion "no later than 30 days after the time prescribed by this Rule 4(a) expires", Fed. R. App. P. 4(a)(5). The Court thus turns to a determination of whether Miles has shown "excusable neglect or good cause."

inclusive of the other." Fed. R. App. P. 4(a)(5), advisory committee's note to 2002 amendment. "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id*. In turn, "[t]he good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Id*. *See also, Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 323 n.2 (3d Cir. 2012).

> With respect to excusable neglect, the Third Circuit has explained:
>
> A district court may extend the time to file a notice of appeal if the party moves no later than thirty days after this period of time and shows, inter alia, excusable neglect. See 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5). This concept of excusable neglect calls for a case-specific equitable inquiry by the district court, which we review for an abuse of discretion. *See, e.g., Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 322, 324-27 (3d Cir. 2012). We have looked to a number of factors as relevant to this inquiry, e.g., "the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id*. at 324 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Consolidated Freightways Corp. of Del. v. Larson*, 827 F.2d 916, 919 (3d Cir. 1987) (identifying similar list of factors). "'This court interprets Rule 4(a)(5) to require a finding of excusable neglect in those instances where the court, after weighing the relevant considerations is satisfied that counsel has exhibited substantial diligence, professional competence and has acted in good faith to conform his or her conduct in accordance with the rule, but as a result of some minor neglect, compliance was not achieved.'" *Ragguette*, 691 F.3d at 326 (quoting *Consolidated*, 827 F.2d at 920). In turn, excusable neglect must be demonstrated up to the time the extension motion is filed. *See, e.g., id*. at 330.

*Century III Mall PA., LLC v. Sears Roebuck & Co.*, 758 F.App'x 242, 245 (3d Cir. 2018).

Here, upon review of the record and upon consideration of the relevant factors, Petitioner has demonstrated excusable neglect. Granting an extension of time to appeal, which amounts to an extension of one calendar day in the present action, is exceedingly brief, presents no delay to any judicial proceedings, and cannot be said to prejudice the opposing party in any way. Further, Petitioner has repeatedly and consistently claimed that, for "unknown reasons", he did not receive this Court's January 15, 2021 Order adopting Magistrate Judge Saporito's R&R, until February 17, 2021. (*See* Docs. 19, 22). Crediting Petitioner's assertion, and noting that Petitioner immediately filed an appeal on the date he states he first received this Court's Order, the Court also finds that the Petitioner was diligent and acted in good faith to comply with the applicable timing requirements.

Similarly, although the Court recognizes that "excusable neglect" and "good cause" are not interchangeable, Petitioner has demonstrated good cause for seeking an extension of time to file a notice of appeal. Petitioner's receipt of this Court's Order on February 17, 2021, more than one month after its issuance, is arguably something outside the control of Miles, and no fault can be attributed to him. *See e.g.*, Fed. R. App. P. 4(a)(5), advisory committee's note to 2002 amendment ("If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all."). Thus, assuming that Petitioner had no

control over the timing of his receipt of this Court's Order, he has demonstrated good cause for requesting a brief extension of time to file a notice of appeal.

For the afore-stated reasons, the Court will grant Petitioner relief under Rule 4(a)(5) and extend the time for the filing of his notice of appeal.

Petitioner may also be entitled to relief under Rule 4(a)(6). Petitioner clearly meets two of the three requirements of Rule 4(a)(6) – subsections (A) and (C) – for substantially the same reasons as those set forth by the Court in determining that he is entitled to relief under Rule 4(a)(5). With respect to the first requirement, Petitioner represents, and the Court accepts as true, that Petitioner did not receive notice of the Court's January 15, 2021 Order until February 17, 2021, which is approximately 12 days after the 21-day period prescribed by subsection (A). *See* Fed. R. App. P. 4(a)(6)(A). As to the third requirement, as previously explained, the parties are not prejudiced by the Court's reopening of the time to file an appeal. *See* Fed. R. App. P. 4(a)(6)(C). Nonetheless, it is significantly less clear whether Petitioner has met the second requirement set forth in Rule 4(a)(6), namely that "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier," Fed. R. App. P. 4(a)(6)(B). Here, Miles must have filed his motion to reopen the time to file an appeal within 14 days after receiving notice of the sought-to-be appealed order. As noted, *supra* footnote 1, the Third Circuit appears to have determined that Petitioner's filings may properly constitute a "motion" requesting relief under

6

Rule 4(a)(5) and/or 4(a)(6). However, the Circuit Court did not specifically state what filing, or compilation of filings, it deemed to have first triggered Petitioner's potential right to relief under Rule 4(a)(5) and 4(a)(6), and this Court finds it unnecessary to do so herein. Petitioner first raised the issue of his delayed receipt of the Court's January 15, 2021 Order in his notice of appeal dated February 17, 2021 (see Doc. 19, at 3). If the Court deems Petitioner's statement contained within the notice of appeal to be sufficient, then Petitioner has plainly met the 14-day jurisdictional requirement set forth in Rule 4(a)(6)(B). Conversely, if the Court construes Petitioner's "Motion for Leave of Court", dated March 9, 2021 (Doc. 22), as the first filing which may entitle Petitioner to relief under Rule 4(a)(6), then Petitioner is out-of-time by approximately 6 days and this Court is without authority to create an equitable exception to this jurisdictional time-limit, see Bowles, 551 U.S. at 213-214. Nevertheless, because this Court will grant Miles relief under Rule 4(a)(5), it need not resolve the issue of whether he has met the requirement of Rule 4(a)(6)(B).

Accordingly, for the reasons set forth herein, the Court will grant Donald Miles an extension of time for the filing of an appeal in the above-captioned action pursuant to Federal Rule of Appellate Procedure 4(a)(5).

A separate Order will follow.

Robert D. Mariani
United States District Judge

7